UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

BLOSSOM GROWTH PARTNERS, LLC,

    Plaintiff,

  v.

LINK SNACKS, INC. d/b/a JACK LINK'S,

    Defendant.

No. 15 CV 1605

Judge Manish S. Shah

**MEMORANDUM OPINION AND ORDER**

Blossom Growth Partners, LLC is a consulting firm based in Chicago. It performed consulting services for Link Snacks, Inc. (which operates as "Jack Link's"—the name used in the parties' briefs and this opinion). Contending that it was not paid in full for its work, Blossom brought claims against Jack Link's for breach of contract, unjust enrichment, and quantum meruit. Jack Link's moves to dismiss the complaint for improper venue, or in the alternative to transfer this case to the District of Minnesota. For the reasons below, that motion is denied.

**I.    Legal Standards**

Where the sole defendant is a corporation, venue is proper if either: (1) the defendant is subject to this court's personal jurisdiction; or (2) a substantial part of the events or omissions giving rise to this suit occurred in this district. 28 U.S.C. §§ 1391(b)(1)–(2), (c)(2).[1] In deciding a motion to dismiss for improper venue,

---

[1] Blossom is a limited liability company. Its members (three individuals) are citizens of Connecticut and Illinois. [1] ¶ 2. Jack Link's is a Wisconsin corporation with its principal place of business in Wisconsin. [1] ¶ 3. The amount in controversy exceeds $75,000. [1] ¶ 22. Accordingly, this court has subject-matter jurisdiction. 28 U.S.C. § 1332.

allegations in the complaint are taken as true, the court may consider materials outside the pleadings, and all reasonable inferences are drawn in the plaintiff's favor. *See Faulkenberg v. CB Tax Franchise Sys., LP*, 637 F.3d 801, 806, 809–10 (7th Cir. 2011). If venue is improper, the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406.

Even if venue is proper, the court can transfer the case to another district in which venue is also proper. 28 U.S.C. § 1404(a); *Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.*, 626 F.3d 973, 977 (7th Cir. 2010). The ultimate question is "whether, on balance, a transfer would serve the convenience of parties and witnesses and otherwise promote the interest of justice." *Atl. Marine Constr. Co. v. United States Dist. Court*, 134 S.Ct. 568, 581 (2013). The party seeking transfer bears the burden of persuasion. *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219–20 (7th Cir. 1986)). "[W]hen the inconvenience of the alternative venues is comparable there is no basis for a change of venue[.]" *In re Nat'l Presto Indus.*, 347 F.3d 662, 665 (7th Cir. 2003). That is, "unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." *Id*. at 663–64 (quoting *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947)).

## II. Analysis

### A. Venue is proper in this district.

Because Jack Link's is a corporate defendant, and is the sole defendant, venue is proper if Jack Link's is subject to this court's personal jurisdiction. 28 U.S.C. §§ 1391(b)(1), (c)(2). Jack Link's *is* subject to this court's personal

jurisdiction—it has not argued otherwise and has therefore waived any objection. Fed. R. Civ. P. 12(h)(1)(A); *BouMatic, LLC v. Idento Operations, BV*, 759 F.3d 790, 793 (7th Cir. 2014).[2] Further, Blossom specifically argued that venue was proper because Jack Link's is subject to this court's personal jurisdiction ([25] at 5–7), and Jack Link's did not substantively respond.[3] In similar circumstances, courts in this district have found venue to be proper. *Imperial Crane Servs., Inc. v. Cloverdale Equip. Co.*, 2013 U.S. Dist. LEXIS 157467, *14 n.7 (N.D. Ill. 2013); *XPO Logistics, Inc. v. Gallatin*, 2013 U.S. Dist. LEXIS 103322, *15–16 (N.D. Ill. 2013). Because Jack Link's is subject to this court's personal jurisdiction in this suit, venue is proper under 28 U.S.C. §§ 1391(b)(1) and (c)(2).

Venue is also proper under 28 U.S.C. § 1391(b)(2) because "a substantial part of the events or omissions giving rise to the claim occurred" here. In arguing to the

---

[2] Aside from waiver, personal jurisdiction could result from the nature of the contract and the likelihood that Blossom would perform services from its principal place of business in Chicago. *See Citadel Group, Ltd. v. Wash. Reg'l Med. Ctr.*, 536 F.3d 757 (7th Cir. 2008) (Illinois court had personal jurisdiction over Arkansas company that hired Illinois firm to consult on construction project in Arkansas); *C.H. Johnson Consulting, Inc. v. Roosevelt Rds. Naval Station Lands & Facilities Redevelopment Auth.*, 2013 U.S. Dist. LEXIS 158156, *12–15 (N.D. Ill. 2013) (Illinois court had personal jurisdiction over Puerto Rican entity that hired Illinois firm to consult on construction project in Puerto Rico).

[3] Jack Link's responded only that Blossom's complaint did not allege that venue was proper on this ground. [28] at 6–7. But new arguments and allegations can be made in opposition to a motion to dismiss, so long as they are consistent with the complaint. *Chasensky v. Walker*, 740 F.3d 1088, 1096 n.6 (7th Cir. 2014); *Geinosky v. City of Chicago*, 675 F.3d 743, 745–46 n.1 (7th Cir. 2012) (collecting cases). Further, Jack Link's was on notice that any objection to personal jurisdiction would be waived if not included in its motion to dismiss. Fed. R. Civ. P. 12(h)(1)(A). And finally, dismissal for improper venue is without prejudice. *Johnson v. Western & Southern Life Ins. Co.*, 598 Fed.Appx. 454, 456 (7th Cir. 2015) (citing Fed. R. Civ. P. 41(b); *In re IFC Credit Corp.*, 663 F.3d 315, 320 (7th Cir. 2011)). Given Jack Link's failure substantively respond, no material purpose would be served by directing Blossom to amend its complaint to specifically cite 28 U.S.C. §§ 1391(b)(1) and (c)(2).

contrary, Jack Link's focuses on the events that occurred in Minneapolis. [16] at 5. But "[v]enue may be proper in more than one court." *Armstrong v. Lasalle Bank Nat'l Ass'n*, 552 F.3d 613, 617 (7th Cir. 2009). The test "is not whether *a majority* of the activities pertaining to the case were performed in a particular district, but whether *a substantial portion* of the activities giving rise to the claim occurred in a particular district." *Allstate Life Ins. Co. v. Stanley W. Burns, Inc.*, 2015 U.S. Dist. LEXIS 20905, *15 (N.D. Ill. 2015) (emphasis added, internal marks omitted). Accordingly, the proper focus is on the events that took place in Illinois, not those that took place in Minneapolis.

In a breach-of-contract action, relevant activities include performance, payment, breach, and contract-related communications. *Id*. at *15–16. Blossom was to be paid in Illinois. [33] at 3. Alone, payment (or non-payment) in Illinois might not establish venue.[4] But the contract was also partially performed in Illinois. [33] at 2–3.[5] The combination of non-payment and partial performance in Illinois makes venue proper. *See Elorac, Inc. v. Sanofi-Aventis Canada Inc.*, 2014 U.S. Dist. LEXIS 175334, *41–42 (N.D. Ill. 2014) ("In contract cases, courts have held that

---

[4] *Compare Stanley W. Burns*, 2015 U.S. Dist. LEXIS 20905 at *21–22 ("A plaintiff's economic harm felt in the original forum is not sufficient for a finding of proper venue under Section 1391(b)(2)."); *with Walron Films, LLC v. Cinequanon Pictures, Int'l*, 1997 U.S. Dist. LEXIS 20004, *5–6 (N.D. Ill. 1997) (venue proper because breach consisted of non-payment in Illinois).

[5] There is no inconsistency between Jack Link's contention that Blossom employees flew to Minneapolis "essentially on a weekly basis" ([16] at 5) and Blossom's contention that "Illinois was the home base for Blossom and where it performed a large portion of the consulting work" ([33] at 2). But because the proper focus is on events occurring in Illinois, only the second contention matters for present purposes. In any event, facts are to be construed and inferences are to be drawn in Blossom's favor. *See Faulkenberg*, 637 F.3d at 806.

contemplated contractual performance and payment or non-payment of money are significant events providing a basis for venue in the district."); *Prof'l LED Lighting, Ltd. v. Aadyn Tech., LLC*, 2014 U.S. Dist. LEXIS 163856, *23–26 (N.D. Ill. 2014) (venue proper in Illinois where defendants knew that plaintiffs lived in Illinois at the time of contracting and contemplated that some relevant work would be done in Illinois).

Accordingly, under 28 U.S.C. §§ 1391(b)(1) and (c)(2), and also under § 1391(b)(2), venue is proper in this court.

### B. Jack Link's has not shown that transfer is appropriate.

Jack Link's asks that this case be transferred to the District of Minnesota. It asserts that venue is proper there because a substantial part of the events or omissions giving rise to this suit occurred there. Blossom does not argue otherwise. Accordingly, the relevant considerations are the convenience of parties and witnesses and the interest of justice. *Research Automation*, 626 F.3d at 978.

#### 1. Convenience

"With respect to the convenience evaluation, courts generally consider the availability of and access to witnesses, and each party's access to and distance from resources in each forum." *Research Automation*, 626 F.3d at 978. "Other related factors include the location of material events and the relative ease of access to sources of proof." *Id*.

Jack Link's originally argued that the location of documents favored transfer. [16] at 8. It backed off that argument, stating in reply that "the location of documents may be a wash." [28] at 12. In any event, with modern technology and

transportation services, and considering the modest distances involved in this case, the location of documents does not weigh heavily. *See Cent. States, Se. & Sw. Areas Pension Fund v. Ehlers Dist., Inc.*, 2012 U.S. Dist. LEXIS 22223, *6 (N.D. Ill. 2012); *Tri3 Enters., LLC v. Aetna, Inc.*, 2011 U.S. Dist. LEXIS 68870, *5 (N.D. Ill. 2011).

Jack Link's also argues that the location of "the majority of witnesses" favors transfer. [16] at 8. But Jack Link's did not explain what these witnesses would testify to, or why their live testimony at trial will be necessary to resolve a disputed issue.[6] *See Tri3 Enters.*, 2011 U.S. Dist. LEXIS 68870 at *6 ("To determine the convenience to the witnesses, the court must look to the nature and quality of the witnesses' testimony with respect to the issues of the case.").

Jack Link's has not persuasively shown that the convenience of the parties and witnesses favors transferring this case to Minnesota. *See Research Automation*, 626 F.3d at 978 ("Where the balance of convenience is a close call, merely shifting inconvenience from one party to another is not a sufficient basis for transfer.").

### 2. Interest of Justice

"The interest of justice is a separate element of the transfer analysis that relates to the efficient administration of the court system." *Research Automation*, 626 F.3d at 978. "For this element, courts look to factors including docket congestion and likely speed to trial in the transferor and potential transferee forums; each court's relative familiarity with the relevant law; the respective desirability of

---

[6] In its reply brief, Jack Link's *did* briefly describe the expected testimony of certain non-party witnesses (the consultants who replaced Blossom). But those witnesses are based in Silicon Valley, not Minnesota. [28] at 11.

6

resolving controversies in each locale; and the relationship of each community to the controversy. The interest of justice may be determinative, warranting transfer or its denial even where the convenience of the parties and witnesses points toward the opposite result." *Id*.

Jack Link's notes that "the District of Minnesota processes approximately half as many cases as the Northern District of Illinois" ([16] at 9) and that the Northern District of Illinois "has approximately 13,500 cases pending, which is more than double the approximately 5,800 actions pending in the District of Minnesota" ([28] at 13). Those points are misleading because they ignore that this district has many more judges than the District of Minnesota. Accounting for that disparity, this district is *less* congested, somewhat speedier on average to resolution, and somewhat slower on average to trial.[7] Combined, the differences do not substantially favor one district over the other, so they do not weigh heavily.

In this case, an Illinois-based company alleges that a Minnesota-based company failed to pay its invoices. Jack Link's has not explained why Minnesota has a greater interest than Illinois. And Jack Link's concedes that the courts are equally capable of applying the relevant law. [28] at 15 (citing cases and arguing that "any federal judge can properly and easily adjudicate basic breach of contract and quantum meruit claims, as are alleged here"). In sum, Jack Link's has not

---

[7] *See* Federal Court Management Statistics for the twelve month period ending December 31, 2014, www.uscourts.gov/Statistics/FederalCourtManagementStatistics.aspx. As of December 31, 2014, judges in this district have an average of 613 pending cases; the number is 831 for the District of Minnesota. Here, the median number of months from filing to disposition is 7.0; from filing to trial is 34.2. In Minnesota, the numbers are 10.0 and 23.2, respectively.

7

shown that the interest of justice requires that this case be transferred to Minnesota.

## III. Conclusion

Venue is proper in this court and Jack Link's has not shown that transfer is appropriate. Accordingly, the motion to dismiss or transfer [15] is denied.

ENTER:

  Manish S. Shah
  United States District Judge

Date: 6/25/15